# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE CRANFORD,<br><br>  Plaintiff,<br><br>  v.<br><br>SEATS, et al.,<br><br>  Defendants. | Case No. 1:14-cv-01102-MJS<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO FILE AMENDED PLEADING WITHIN THIRTY DAYS**<br>**(ECF No. 1)**<br><br>**ORDER DENYING MOTION TO AMEND COMPLAINT**<br>**(ECF No. 7)**<br><br>**ORDER DENYING MOTION TO CONSOLIDATE**<br>**(ECF No. 6)** |

Plaintiff is a civil detainee proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Before the Court are (1) Plaintiff's Complaint for screening, (2) Plaintiff's motion to amend the Complaint, and (3) Plaintiff's motion to consolidate this matter with *Cranford v. Ahlin, et al.*, 1:14-cv-01131 MJS, and *Cranford v. Dirige, et al.*, 1:14-cv-01101 BAM.

1

**I.    THE COMPLAINT**

    **A.    Screening Requirement**

The in forma pauperis statutes provide that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, ----, 129 S.Ct. 1937, 1949 (2009), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal–Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusion are not. *Iqbal*, 129 S.Ct. at 1949.

    **B.    Pleading Standard**

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See *West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987).

A plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 129 S.Ct. at 1949–50; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility

standard. *Iqbal*, 129 S.Ct. at 1949–50.

**C.     Summary of Complaint**

Plaintiff names as Defendants (1) Janessa Seats, Coalinga State Hospital ("CSH") Psychological Technician, and (2) Eboney Smith, CSH Psychological Technician.

Plaintiff's pleading is difficult to understand. He appears to claim that he was the victim of a racially motivated assault by another patient who opened a door that hit and slightly injured Plaintiff's shoulder as Plaintiff was walking down a hallway.

Defendants observed this assault, but took no action to protect Plaintiff or respond to his injury. They improperly attributed the incident to "horseplay." (Compl., ECF No. 1, at 4:23.)

Plaintiff filed an administrative complaint with the California Office of Patients' Rights. That Office took no action on the administrative complaint because the allegations were not sufficient to show an assault occurred and that staff could have prevented the incident.

Plaintiff seeks monetary damages and revocation of Defendants' Psychological Technician licenses.

**D.     Complaint Fails to State a Claim**

The Fourteenth Amendment provides the standard for evaluating the constitutionally protected interests of individuals who have been involuntarily committed to a state facility. *Rivera v. Rogers*, 224 Fed.Appx. 148, 150–51 (3d Cir. 2007); see *Youngberg v. Romeo*, 457 U.S. 307, 312 (1982). In determining whether the constitutional rights of an involuntarily committed individual have been violated, the court must balance the individual's liberty interests against the relevant state interests

with deference shown to the judgment exercised by qualified professionals. *Youngberg*, 457 U.S. at 321-22.

          1.     Failure to Protect

Plaintiff's right to constitutionally adequate conditions of confinement is protected by the substantive component of the Due Process Clause. *Youngberg*, 457 U.S. at 315. He is "entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish," but the Constitution requires only that courts ensure that professional judgment was exercised. *Youngberg*, 457 U.S. at 321–22.

A determination whether Plaintiff's rights were violated requires "balancing of his liberty interests against the relevant state interests." *Youngberg*, 457 U.S. at 321. A "decision, if made by a professional, is presumptively valid; liability may be imposed only when the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Id.,* at 322–23. The professional judgment standard is an objective standard and it equates "to that required in ordinary tort cases for a finding of conscious indifference amounting to gross negligence." *Ammons v. Washington Dep't of Soc. & Health Servs.*, 648 F.3d 1020, 1029 (9th Cir. 2011).

Plaintiff's allegation that a fellow patient opened a door in his path and hit and slightly injured his shoulder does not state a constitutional claim. The facts do not identify any threatened intentional act Defendants could or should have acted to prevent or that Plaintiff suffered anything more than an unforeseeable and inconsequential injury. The Complaint does not reflect that Defendants exhibited a conscious

indifference amounting to gross negligence. See *Ammons*, 648 F.3d at 1029. While Plaintiff has a liberty interest in safe conditions of confinement, *Youngberg*, 457 U.S. at 315, and care that is professionally acceptable. *Id.* at 321, his allegations are not sufficient to state a claim under applicable standards.

Plaintiff suggests a racial motive for Defendants' behavior but includes no facts to support any such claim.

Plaintiff does not state a claim under the Due Process Clause for failure to protect him from risk of harm. If Plaintiff chooses to amend, he should allege facts demonstrating how specific Defendants were indifferent to his safety and thereby caused him harm. *Iqbal*, 556 U.S. at 678.

### 2. Indifference to Medical Need

Due process requires that Plaintiff receive care that is professionally acceptable. *Youngberg*, 457 U.S. at 321. However, Plaintiff has not alleged enough facts to support any such claim. Taking Plaintiff's allegations as true, nothing suggests Defendants were aware that Plaintiff had been injured to the extent he needed medical care and acted or failed to act in a way that caused Plaintiff harm.

Plaintiff alleges that after the incident he sought out a non-party nurse for medical assistance and the nurse declined to provide aid. This suggests medical personnel did not deem his injury worthy of treatment.

Plaintiff suggests a racial motive for Defendants' behavior but includes no facts which would support any such claim. Plaintiff's purely conclusory allegations are insufficient to show a conscious indifference amounting to gross negligence. See *Ammons*, 648 F.3d at 1029.

Plaintiff does not state a claim against Defendants under the Due Process

Clause for inadequate medical treatment. If he chooses to amend, he must allege facts to support the conclusion that Defendants acted with conscious indifference.

### 3. Administrative Complaint

As noted, civil detainees are entitled to Fourteenth Amendment protections. *Jones v. Blanas*, 393 F.3d 918, 933 (9th Cir. 2004) ("Civil status means civil status, with all the Fourteenth Amendment rights that accompany it."). However, there is no federal constitutional right to an institutional grievance procedure or injunctive relief thereon. *Merryfield v. Jordan*, 431 Fed.Appx. 743, 749 (10th Cir. 2011).

Even if Plaintiff had such a right, he fails to link Defendants to his administrative complaint and to allege facts showing denial of administrative process due him. Plaintiff has no right to a certain outcome. See *Wise v. Washington State Department of Corrections*, 244 Fed.Appx. 106, 108 (9th Cir. 2007), (no due process rights regarding the proper handling of grievances).

Plaintiff does not and cannot state a due process claim arising from the grievance process. Amendment would be futile.

## II. MOTION TO AMEND COMPLAINT

### A. Legal Standard

A party may amend his pleading without seeking leave of the court where a responsive pleading or motion has not yet been filed. Fed. R. Civ. P. 15(a)(1).

An amended complaint must be "complete in itself without reference to the prior or superseded pleading", Local Rule 220, and supersedes the prior complaint. *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012).

### B. Motion to Amend

The motion to amend is moot. Plaintiff is granted leave to file an amended

pleading consistent with this Order.

**III.  MOTION TO CONSOLIDATE**

    **A.  Legal Standard**

Federal Rule of Civil Procedure 42(a) permits the court to consolidate actions involving a common question of law or fact, and consolidation is proper when it serves the purposes of judicial economy and convenience. "The district court has broad discretion under this rule to consolidate cases pending in the same district." *Investors Research Co. v. United States District Court for the Central District of California*, 877 F.2d 777 (9th Cir. 1989). In determining whether to consolidate actions, the court weighs the interest of judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation. *Southwest Marine, Inc., v. Triple A. Mach. Shop, Inc.*, 720 F. Supp. 805, 807 (N.D. Cal. 1989).

    **B.  Motion to Consolidate is Denied**

Plaintiff moves to consolidate the following cases with the instant action: *Cranford v. Ahlin, et al.*, 1:14-cv-01131 MJS, and *Cranford v. Dirige, et al.*, 1:14-cv-01101 BAM.

Plaintiff argues that these cases share common questions of law and fact with those raised in the present action, but does not explain the alleged relationship or how consolidation would result in economy and convenience. Moreover, the Court cannot determine whether the cases share common questions of law or fact because there is no operative pleading in this action.

Additionally neither of the two cases proposed for consolidation has been screened and each appears to arise from fact patterns different from the instant.

7

## IV. CONCLUSIONS AND ORDER

The motion to amend is moot. The motion to consolidate lacks merits. The Complaint fails to state any cognizable claim. The Court will provide Plaintiff with an opportunity to file an amended complaint consistent with this Order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named Defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, *Iqbal*, 556 U.S. at 677-78, consistent with this Order. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Finally, an amended complaint supersedes the original complaint, *Lacey*, 693 F.3d at 928 (9th Cir. 2012), and must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The motion to amend (ECF No. 7) is DENIED,
2. The motion to consolidate (ECF No. 6) is DENIED without prejudice,
3. The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his Complaint filed July 7, 2014,
4. Plaintiff's § 1983 Complaint (ECF No. 1) is DISMISSED for failure to state a claim upon which relief may be granted,
5. Plaintiff shall file an amended complaint within thirty (30) days from service of this Order, and

8

6. If Plaintiff fails to file an amended complaint in compliance with this Order, the undersigned will recommend the action be dismissed, with prejudice, for failure to state a claim and failure to prosecute.

IT IS SO ORDERED.

Dated:  August 25, 2014            /s/ *Michael J. Seng*
                                   UNITED STATES MAGISTRATE JUDGE