UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE CRANFORD,<br><br>    Plaintiff,<br><br>    v.<br><br>SEATS, et al.,<br><br>    Defendants. | Case No. 1:14-cv-01102-MJS<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND (ECF No. 9)**<br><br>**AMENDED PLEADING DUE WITHIN THIRTY DAYS** |

    Plaintiff is a civil detainee proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

    The Complaint was dismissed for failure to state a claim, but Plaintiff was granted leave to file an amended pleading.

    The First Amended Complaint is before the Court for screening.

**I.    SCREENING REQUIREMENT**

    The in forma pauperis statutes provide that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint must

contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, ----, 129 S.Ct. 1937, 1949 (2009), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal–Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusion are not. *Iqbal*, 129 S.Ct. at 1949.

## II.     PLEADING STANDARD

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See *West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987).

A plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 129 S.Ct. at 1949–50; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. *Iqbal*, 129 S.Ct. at 1949–50.

## III.    SUMMARY OF PLAINTIFF'S ALLEGATIONS

Plaintiff names as Defendants (1) Seats,[1] Coalinga State Hospital ("CSH") Psychological Technician, and (2) Smith, CSH Psychological Technician.

---

[1] Plaintiff variously refers to this Defendant as "Seate." (ECF No. 9, at 1.)

The amended pleading is difficult to understand. Plaintiff claims he was the victim of an assault by other patients who forced him to collide with an opened door. He claims Defendants were present and directed the assault and failed to prevent it and denied Plaintiff medical care after it occurred.

He claims the assault constituted state law elder and dependent adult abuse.

He seeks monetary damages.

## IV.   DISCUSSION

The Fourteenth Amendment provides the standard for evaluating the constitutionally protected interests of individuals who have been involuntarily committed to a state facility. *Rivera v. Rogers*, 224 Fed.Appx. 148, 150–51 (3d Cir. 2007); see *Youngberg v. Romeo*, 457 U.S. 307, 312 (1982). In determining whether the constitutional rights of an involuntarily committed individual have been violated, the court must balance the individual's liberty interests against the relevant state interests with deference shown to the judgment exercised by qualified professionals. *Youngberg*, 457 U.S. at 321-22.

### A.   Failure to Protect

Plaintiff's right to constitutionally adequate conditions of confinement is protected by the substantive component of the Due Process Clause. *Youngberg*, 457 U.S. at 315. He is "entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish," but the Constitution requires only that courts ensure that professional judgment was exercised. *Youngberg*, 457 U.S. at 321–22.

A "decision, if made by a professional, is presumptively valid; liability may be imposed only when the decision by the professional is such a substantial departure from

3

accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Id.,* at 322–23. The professional judgment standard is an objective standard and it equates "to that required in ordinary tort cases for a finding of conscious indifference amounting to gross negligence." *Ammons v. Washington Dep't of Soc. & Health Servs.*, 648 F.3d 1020, 1029 (9th Cir. 2011).

Plaintiff claims he was "assaulted by [other patients] by being forced [into] an [opened] door while under the direct instructions of [Defendants who were] directing [Plaintiff's collision with] the [opened] door." (ECF No. 9, at ¶ IV, Claim 1.)  However, the facts he presents in support of his claims are not facts at all, but rather reference to legislative findings relating to California's elder abuse law. (See Id.) Plaintiff does not provide facts in support of his conclusions as to Defendant's motives, intent, acts, statements, and the like, or even state where Defendants were when the incident occurred, what they said and did that he feels directed, encouraged or allowed the attack or how they could have and should have acted to prevent it.

Even if Plaintiff had shown Defendants failed to protect him from inmate attack, he has not shown the threatened or actual harm was "objectively serious." See *Cranford v. Manion*, Case No. 1:08-cv-978-MJS (PC), 2011 WL 976557, at *4 (E.D. Cal. 2011).

While Plaintiff has a liberty interest in safe conditions of confinement, *Youngberg*, 457 U.S. at 315, and care that is professionally acceptable, *Id.* at 321, his allegations are again insufficient to state a claim under the Due Process Clause for failure to protect him from risk of harm. *Iqbal*, 556 U.S. at 678.

Plaintiff will be allowed an opportunity to amend this claim. In doing so, he should provide significantly more detail about the alleged attack, where Defendants were, their

4

knowledge and participation in the event, and the harm caused to Plaintiff thereby.

**B.    Discrimination**

Plaintiff suggests Defendants' behavior was motivated by his age and dependent status. Plaintiff provides no authority that either status is protected under the Fourteenth Amendment. See e.g., *Massachusetts Bd. Of Retirement v. Murgia*, 427 U.S. 307, 313-14 (1976) (a class defined as aged is not a protected class); *Sullivan v. Kramer*, 1:13cv00275 DLB PC, 2014 WL 1664983, at *6 (E.D. Cal. 2014), citing *City of Cleburne v. Cleburne Living Center, Inc.*, 472 U.S. 432, 442 (1985) (a person with a mental disability, whether perceived or actual, is not in a protected class under the Equal Protection Clause).

Plaintiff's allegations do not suggest Defendants intentionally treated him differently from others similarly situated by reason of his age and dependent status. *Lee v. City of Los Angeles*, 250 F.3d 668, 687 (9th Cir. 2001). "Discriminatory purpose . . . implies that the decision maker . . . selected or reaffirmed a particular course of action at least in part because of, not merely in spite of, its adverse effects upon an identifiable group." *Personnel Adm'r of Mass. v. Feeney*, 442 U.S. 256, 279 (1979) Nothing before the Court suggests Defendants were motivated by a discriminatory mindset.

Plaintiff does not state an equal protection claim under the Due Process Clause. *Iqbal*, 556 U.S. at 678.

Plaintiff will be allowed an opportunity to amend this claim. In doing so, he should state facts demonstrating intentional discrimination under suspect class or disparate treatment theory.

**C.    Indifference to Medical Need**

Due process requires that Plaintiff receive medical care that is professionally

5

acceptable. *Youngberg*, 457 U.S. at 321. Here, Plaintiff does not demonstrate he suffered any injury from the alleged assault. The amended pleading does not include facts suggesting Plaintiff was harmed and needed medical care, or Defendants' awareness of a need for care and a failure to respond to it. Nothing suggests Defendants failed to exercise professional medical judgment amounting to gross negligence. See *Ammons*, 648 F.3d at 1029.

Plaintiff does not state a claim against Defendants under the Due Process Clause for inadequate medical treatment.

Plaintiff will be allowed an opportunity to amend this claim. In doing so, he should state facts showing Defendants' treatment of specified injuries was so deficient as to demonstrate a failure to exercise professional medical judgment.

### D.  State Law Claims

Plaintiff cites to the Elder Abuse and Dependent Adult Civil Protection Act ("Act"). See Cal. Welf. & Inst. Code §§ 15600 et seq. The Act at § 15657 provides for liability for physical abuse or neglect where the defendant acted with recklessness, oppression, fraud or malice in the commission of the abuse.

Plaintiff fails to demonstrate applicability of the Act. He does not allege facts that he is an "elder" or "dependent adult", see Cal. Welf. & Inst. Code §§ 15610.23, 15610.27; that he suffered physical or mental harm or was deprived of necessities to avoid such harm, see Cal. Welf. & Inst. Code § 15610.07; and that he has individual pro se standing to enforce the Act. See Cal. Welf. & Inst. Code §§ 15600(i)(j), 15656. Plaintiff's conclusory allegations fail to rise to the level of a violation of the Act and he therefore fails to state a claim thereunder.

Even if Plaintiff had alleged a sufficient claim under the Act, the Court will not

exercise supplemental jurisdiction over any state law claim absent a cognizable federal claim. 28 U.S.C. § 1367(a); *Herman Family Revocable Trust v. Teddy Bear,* 254 F.3d 802, 805 (9th Cir. 2001); see also *Gini v. Las Vegas Metropolitan Police Dep't,* 40 F.3d 1041, 1046 (9th Cir. 1994). "When . . . the court dismisses the federal claim leaving only state claims for resolution, the court should decline jurisdiction over the state claims and dismiss them without prejudice." *Les Shockley Racing v. National Hot Rod Ass'n,* 884 F.2d 504, 509 (9th Cir.1989).

Plaintiff does not allege a state law claim subject to the Court's supplemental jurisdiction.

Plaintiff will be allowed an opportunity to amend this claim. If Plaintiff chooses to amend, he must allege facts showing private standing, to enforce a demonstrated violation of the Act, subject to the Court's supplemental jurisdiction.

**V.     CONCLUSIONS AND ORDER**

The First Amended Complaint does not state any cognizable claim.

The Court will provide Plaintiff with **one final** opportunity to file an amended complaint that cures noted deficiencies. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named Defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, *Iqbal*, 556 U.S. at 677-78, consistent with this Order. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George* v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Finally, an amended complaint supersedes the original complaint, *Lacey v.*

*Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012), and must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his First Amended Complaint filed September 5, 2014,

2. Plaintiff's First Amended Complaint (ECF No. 9) is DISMISSED for failure to state a claim upon which relief may be granted,

3. Plaintiff shall file an amended complaint within thirty (30) days from service of this Order, and

4. If Plaintiff fails to file an amended complaint in compliance with this Order, the action will be dismissed, with prejudice, for failure to state a claim and failure to prosecute.

IT IS SO ORDERED.

Dated: September 30, 2014        /s/ *Michael J. Seng*
                                 UNITED STATES MAGISTRATE JUDGE